IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON E. YOUNG, | ) | CASE NO. 1:19 CV 2823 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | Magistrate Judge William H. Baughman, Jr. |
| ARAMARK CORRECTIONAL SERVICE LLC, et al., | ) | <u>MEMORANDUM OPINION</u> |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants, Aramark Correctional Services, LLC ("Aramark") and Ryan James ("Mr. James") on April 27, 2020. (Docket #16.) Defendants ask the Court to dismiss all claims asserted against them in Mr. Young's Amended Complaint. In his Amended Complaint, filed *pro se*, Mr. Young alleges that the food services at Ohio's Mansfield Correctional Institution – where Mr. Young is serving a 37-year sentence – are so unsanitary and harmful to his health that his Eighth Amendment rights have been violated and he is entitled to compensation. On June 3, 2020, Mr. Young filed his Reply in Opposition to Defendants' Motion to Dismiss. (Docket #17.) On June 17, 2020, Defendants filed a Reply Brief. (Docket #18.)

This case had previously been referred to Magistrate Judge H. Baughman, Jr. on March 25, 2020, for pretrial supervision. (Docket #14.)

Magistrate Judge Baughman issued his Report and Recommendation on March 29, 2021 (Docket #22), recommending that Defendants' Motion to Dismiss be granted in part and denied in part, as follows:

> I recommend that the motion to dismiss be granted as to Young's first cause of action against Aramark and James under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights, but denied as to Young's claim regarding the problematic turquoise food trays (grievance (#MACNI0318000973). Accordingly, I recommend that all of Young's claims against Aramark and James brought under 42 U.S.C. § 1983 in his first cause of action, except his claim regarding the problematic turquoise food trays (girevance #MANCI0318000973), be dismissed with prejudice.
>
> I further recommend that the motion to dismiss be denied as to Young's second cause of action against Aramark and James for negligence under Ohio law.
>
> I further recommend that the motion to dismiss be granted as to Young's third cause of action against Aramark for violation of his Eighth Amendment rights brought under a corporate custom theory of 42 U.S.C. § 1983 liability. Accordingly, I recommend that Young's third cause of action against Aramark brought under a corporate custom theory of 42 U.S.C. § 1983 liability be dismissed with prejudice.

(Report and Recommendation at pp. 28-29.)

Objections to the Magistrate Judge's Report and Recommendation were due by April 12, 2021. No objections were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R.

CIV. P. 72(b)(3) reads as follows:

> The district judge must determine de novo any part of the
> magistrate judge's disposition that has been properly objected to.
> The district judge may accept, reject, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

The Court has carefully reviewed the Report and Recommendation and agrees with the Magistrate Judge's thorough and well-reasoned findings set forth therein. The Report and Recommendation of Magistrate Judge Baughman (Docket #22) is hereby ADOPTED. Defendants' Motion to Dismiss (Docket #16) is hereby GRANTED IN PART AND DENIED IN PART as follows:

I. Defendants' Motion to Dismiss is hereby GRANTED as to Mr. Young's First Cause of Action against Aramark and Mr. James under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights, but DENIED as to Mr. Young's claim regarding the problematic turquoise food trays (grievance (#MACNI0318000973). All of Mr. Young's claims against Aramark and Mr. James brought under 42 U.S.C. § 1983 in his First Cause of Action, except his claim regarding the problematic turquoise food trays (grievance #MANCI0318000973) are hereby DISMISSED WITH PREJUDICE.

II. Defendants' Motion to Dismiss is hereby DENIED as to Mr. Young's Second Cause of Action against Aramark and Mr. James for negligence under Ohio law.

III. Defendants' Motion to Dismiss is hereby GRANTED as to Mr. Young's Third Cause of Action against Aramark for violation of his Eighth Amendment rights brought under a corporate custom theory of 42 U.S.C. § 1983 liability. Mr. Young's Third Cause of Action against Aramark brought under a corporate custom theory of 42 U.S.C. § 1983 liability is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: June 18, 2021